# LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC
### 763 DOGWOOD AVENUE
### WEST HEMPSTEAD, NY 11552
### TEL: 516-537-8357 FAX: 516-213-0245
### STEVEN@SAFESQ.COM

Tuesday, June 11, 2019

VIA ECF
Honorable William H. Pauley III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re: *Hernandez v. Premium Merchant Funding One, LLC et al*
        Docket No. 1:19-cv-01727 (WHP)
        Request for Pre-motion Conference Letter

Dear Judge Pauley:

      We represent defendants Premium Merchant Funding One, LLC ("PMF"), James P. Geiselman III, and Daniel P. Moore ("Defendants") in the above referenced matter. We write pursuant to Your Honors' Individual Practice Rule III (A) to request a pre-motion conference on the basis of a motion to dismiss for failure to exhaust administrative remedies; and alternatively failure to submit a claim for which relief can be granted; and failure to articulate a claim to meet the basis pleading requirements of Rule 8(a); and the dismissal of all non-federal claims as there is no basis for exercising supplemental jurisdiction, when plaintiff has an adequate administrative remedy or action in other fora.

**PLAINTIFF'S COMPLAINT FAILS TO MEET THE BASIC PLEADING REQUIREMENTS OF FRCP RULE 8(A)**

      Plaintiff's Buckshot Complaint fails to meet the basic pleading requirements set forth in Federal Rules of Civil Procedure ("FRCP") Rule 8(a) by failing to give defendant(s) fair notice of what the Plaintiff's claims are and the grounds upon which they rest. Plaintiff's Federal Claims simply quote the statute and allege generally (i) Title VII employment discrimination and discharge and (ii) EPA discrimination and retaliation but fails to articulate how the narrative weaving various disconnected events into a prima facia case for each of the federal claims of discrimination. Conclusory allegations of discrimination without (i) any showing of discriminatory animus (Title VII); (ii) unequal pay for substantially equal work (EPA); or even a nexus - causal or temporal - between alleged misconduct and protected activity cannot nudge the complaint across the finish line to survive a motion to dismiss. Plaintiff expects defendants to pin the proverbial tail on the donkey while blindfolded.

**FRCP 12(B)(6) FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**

      As an independent contractor, Plaintiff fails to meet the very low burden of, plausible non-conclusory facts to support her three (3) federal statutory claims of discrimination and retaliation. Plaintiff fails to demonstrate any unlawful tangible employment action by PMF and fails to show any nexus – temporal or otherwise - between protected activity and prohibited conduct. Plaintiff also fails

Honorable William H. Pauley III
Tuesday, June 11, 2019
Page 2

to show any temporal nexus between her claims of alleged misconduct and her alleged constructive discharge.

**PLAINTIFF FAILS TO SHOW HOW SHE IS COVERED BY TITLE VII AND THE EPA**

"[T]he existence of an employer-employee relationship is a primary element of Title VII claims." Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006) and EPA claims. Plaintiff, a broker of sorts was an independent contractor. Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. See, Id. Even Plaintiff's conclusory recital of elements of an employer-employee relationship relate to her relationship with other Brokers and not PMF.

**DEFENDANT FAILS TO RAISE A VALID EPA CLAIM**

At the pleading stage, a plausible EPA claim must include "sufficient factual matter, accepted as true" to permit "the reasonable inference" that the relevant employees' job content was "substantially equal." Such factual allegations are necessary to provide "fair notice [to the defendant] of the basis for [the plaintiff's] claims." See, EEOC v. Port Authority of NY and New Jersey, 768 F.3d 247, 256 (2d Cir. 2014) (Internal Citations Omitted).

Plaintiff's allegations of discrimination in pay are not supported by anything other than naked conclusory assertions devoid of "further factual enhancement." Plaintiff failed to supply sufficient factual content beyond her nebulous claim of breach of contract, to establish facts to support any pay discrimination. Even assuming arguendo that her commissions earned were less than more seasoned professional brokers; her self-described comparison to more experienced seasoned brokers is fatal to her claim of unequal pay. Plaintiff own admitted confusion about how she was paid, does little to provide fair notice of a claim, to allow a defense.

Essential to an EPA claim i.e. equal pay for equal work, is that plaintiff "must establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications" simply claiming discrimination just won't cut it, neither would a comparison to a hypothetical or `composite' member of the opposite sex. See, Fraser v. MTA Long Island Rail Road, 295 F. Supp. 3d 230, 253 (E.D.N.Y. 2018). "Without identifying a particular `comparator' for a `factor by factor' comparison," Plaintiff may not make a prima facia showing. See, Id.  Plaintiff's conclusory EPA retaliation claims devoid of any protected conduct or tangible employment action are equally unavailing. Her failure to articulate how she was paid unequally, makes defending against such a claim impossible. Plaintiff admittedly confused about how commissions were earned or accrued fails to demonstrate any basis for the statutory claims that arise from her dissatisfaction with the commissions she earned pursuant to her agreement with PMF.

**PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES IS FATAL TO HER TITLE VII CLAIMS**

Plaintiff's rush to file suit, without exhausting administrative remedies is also fatal to their attempt to vest this court with subject matter jurisdiction, wastes judicial resources and deprives the parties of an opportunity to resolve the matter.

Plaintiff's failure to Exhaust administrative remedies divests the court of jurisdiction over her Title VII claims. Exhaustion of administrative remedies, i.e. the requirement for filing administrative complaints and awaiting administrative conciliation efforts is a "precondition to bringing a Title VII claim in federal court...." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir.2000). The 180-day window provides a critical opportunity for the aggrieved parties to conciliate and is an integral component of the Title VII scheme. See, Gibb v. Tapestry, Inc., No. 18-CV-6888 (LAP) (S.D.N.Y. Dec. 3, 2018) citing Spencer v. Banco Real, SA, 87 F.R.D. 739 at 743 (1980). Enabling complainants to bypass this opportunity for amicable dispute resolution is an outcome that is inimical to the statutory language. Incredibly, the instant suit was filed without an opportunity for defendants to even respond to the allegations with the EEOC.

Had Plaintiff allowed the matter to run its course via the EEOC, a "no probable cause determination", could have helped flush out the claims many of which are simply not true and irrelevant. Instead the complaint proposes 17 causes of action, only three of which are based on federal statutes which don't apply to the individual defendants in this matter, nor do they apply to the plaintiff an independent contractor who is not covered by the statutes.

**PLAINTIFF'S FAILURE TO DEMONSTRATE ANY NEXUS BETWEEN ALLEGED MISCONDUCT AND PROTECTED ACTIVITY IS FATAL TO HER TITLE VII CLAIMS.**

Plaintiff's Title VII claims although unclear, one would have to guess are based upon the same allegations as her EPA claim, i.e. unfair pay, must *a fortiori* also fail. In addition to the factors a plaintiff must show in an EPA claim, to make out a prima facie case of intentional sex-based salary discrimination a Title VII, plaintiff must also produce evidence of discriminatory animus. See, Belfi v. Prendergast, 191 F.3d 129 (2d Cir. 1999) citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995). Although Plaintiff takes pains to detail her salacious allegations of sexual misconduct in the complaint, she inexplicably failed to inform anyone of same, and failed to detail any decisive act by Defendants much less show any temporal nexus between the any protected activity or alleged misconduct and her economic conditions.

**PLAINTIFF'S REMAINING FOURTEEN STATE LAW CLAIMS SHOULD ALSO BE DISMISSED**

Where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, at 350 n. 7 (1988). "To create jurisdiction over fourteen state-law claims "would be to allow a federal tail to wag a state dog." Retirement Board of The Policemen's Annuity and Benefit Fund v. The Bank Of New York Mellon, No. 11 Civ. 5459 (WHP) (S.D.N.Y. Dec. 18, 2015).

We respectfully request the court schedule a pre-motion conference on this matter. Thank you in advance for this consideration.

Respectfully submitted,

_____/s/_____

Steven A. Feldman, Esq.
Counsel for Defendants